# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,
Plaintiff

v.

DEKA ABDALLA SHEIKH,
Defendant



FILED
APR 14 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

Case No. SA-11-CR-425(1)FB
USM NUMBER 07416-090

## MOTION TO TERMINATE SUPERVISED RELEASE AFTER COMPLETION OF ONE-YEAR OF SUPERVISION PURSUANT TO TITLE 18 U.S.C. § 3583(e)(1)

NOW COMES, DEKA ABDALLA SHEIKH appearing *pro se*, and files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1).

## INTRODUCTION

On July 25, 2013, defendant Ms. Deka Abdalla Sheikh was sentenced to supervised probation for a term of 5 years for her conviction for violating of 18 U.S.C. Section 371 & 1001, Conspiracy to make false statements to executive branch in terrorism investigation. Ms. Deka Abdalla Sheikh has successfully completed over thirty months of her supervised release period, which would normally expire on July 24, 2018. Based on her successful performance on supervised release, Ms. Deka Abdalla Sheikh hereby moves the Court for entry of an order terminating her supervised release. The U.S. Probation Officer is in support of this request.

## ARGUMENT

Under 18 U.S.C. Section 3583(e), the Court has the authority to grant early termination of a previously imposed term of supervised release. Section 3583(e)(1) provides:

(e) Modification of conditions or revocation. The court may, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1); see also Fed. R. Crim. Procedure 32.1(c)(1), (2)(B) & (C) (providing for hearings for modifications of supervised release, unless the result is favorable to the person supervised and the government does not object after notice).

The district court enjoys "broad discretion" when, after "tak[ing] into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release. See United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." *Id.*

Title 18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated-- as one factor among many-- under the broad and general directive of § 3583(e)(1)." *Jeanes* at 484-485. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." *Id.*

As the Supreme Court has noted:
[§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person released," once at least a year of release time has been served.

Johnson v. United States, 529 U.S. 694, 120 S. Ct. 370, 146 L.Ed.2d 727, 738 (2000)

## DISCUSSION

Ms. Deka Abdalla Sheikh's term of supervised release is for a five-year term, which commenced July 25, 2013 and terminates July 24, 2018. She has completed over thirty months of this term. She respectfully asks this court to terminate her supervised release term for her "conduct" while on supervised release and in the "interest of justice."

### I.

Ms. Deka Abdalla Sheikh promptly paid in full her restitution and special assessment levied at the time of sentencing. She has shown exemplary postconviction adjustment and conduct in her supervision responsibilities. She has fully complied with the court's express terms of supervision, fully obeying the law, and diligently complying with the requirements of the Probation Department. Ms. Deka Abdalla Sheikh has lived a productive lifestyle by holding steady employment while supporting her self.

### II.

When evaluating her offense conduct, criminal history, and potential for further crimes, Ms. Deka Abdalla Sheikh believes this court can find that her further and continued supervision is not required because she meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision)

Ms. Deka Abdalla Sheikh meets all of the following suggested criteria from Publication 109 (p.20):

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

## III.

On July 25, 2013, defendant Ms. Deka Abdalla Sheikh was placed on supervised probation for a term of five years for her conviction for violating of 18 U.S.C. Section 371 & 1001, Conspiracy to make false statements to executive branch in terrorism investigation. Ms. Deka Abdalla Sheikh has successfully completed over thirty months of her supervised release period, which would normally expire on July 24, 2018. U.S. Probation Officer Michael Bell currently supervises Ms. Deka Abdalla Sheikh.

Ms. Deka Abdalla Sheikh has been performing extremely well on supervised release: she has had no new contact with law enforcement. Moreover, she works over 78 hours every week at her two jobs, Catholic Charities of Madison Wisconsin and Rise Up as a home health caregiver. She has also been attending Madison Community College to obtain her Associates Degree. Notably, Ms. Deka Abdalla Sheikh has risen to the challenge and succeeded in being a good home health care giver she has made great strides toward improving herself and making a better life for herself. Ms. Deka Abdalla Sheikh paid her special assessment and restitution in full, and has been in compliance with all her terms and conditions of supervision.

As Ms. Deka Abdalla Sheikh has indicated, she is fortunate to have the opportunity that she has been given. She recognizes the value of hard work, and is proud to be pursuing her associate's degree. She is mindful that with her current status on supervised probation, she is unable to obtain admission into her desired course of study in the medical field. Termination of her supervised probation will afford her the opportunity to commence her studies to be an Ultra Sound (Radiology & Sonography Technician), begin her naturalization processing and afford her complete healing from the stigma associated with her case and conviction.

Ms. Deka Abdalla Sheikh's exemplary performance on supervise release warrants a reduction in her term of supervised release. Accordingly, she respectfully moves this Court under Section 3583(e)(1) of Title 18 for early termination of her term of supervised release.

## CONCLUSION

Ms. Deka Abdalla Sheikh has done very well on supervised release, has sustained no new arrests, has stable employment, has paid off her restitution in full, and has completed over thirty months of her five-year supervision without incident. The Probation Office supports the early termination of her supervised release. For the foregoing reasons, Ms. Deka Abdalla Sheikh asks this honorable Court to terminate the remainder term of supervised release forthwith.

DATED: April 7, 2016

Respectfully Submitted,

Deka Abdalla Sheikh, *Pro Se* 3160
Ridgeway Ave.
Apt # 109
Madison WI 53704

[Notary Seal: Brooke N. Goering, Notary Public, State of Wisconsin]

Brooke N. Goering

My commission expires
01/29/2017

## CERTIFICATE OF SERVICE

I, Deka Abdalla Sheikh, hereby certify that a true and correct copy of the foregoing Motion to Terminate Supervised Release was served, via first class mail and / or email, to the following parties on this 7th day of April 2016.

Michael Bell
U.S. Probation Officer
Michael_Bell@wiwp.uscourts.gov

Mark Roomberg
United States Attorney's Office
601 NW Loop 410,
Suite 600
San Antonio, Texas 78216

